# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2479
_____

United States of America,

*Plaintiff - Appellee*,

v.

Alexander Laurel-Olea,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: March 17, 2025
Filed: July 16, 2025
_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.
_____

COLLOTON, Chief Judge.

Alexander Laurel-Olea pleaded guilty to unlawful possession of a firearm as an unlawful user of a controlled substance. *See* 18 U.S.C. § 922(g)(3). The district

court[*] sentenced Laurel-Olea to twenty-four months' imprisonment and thirty-six months of supervised release.

Laurel-Olea served his sentence and began his term of supervised release on August 30, 2022. In June 2024, Laurel-Olea was arrested by the United States Marshals Service after committing fifty-four violations of his conditions of supervised release. The district court sentenced Laurel-Olea to fourteen months' imprisonment and a one-year term of supervised release. On appeal, Laurel-Olea argues his revocation sentence is unreasonable under 18 U.S.C. § 3583(e).

We review the reasonableness of a revocation sentence under a deferential abuse-of-discretion standard. *United States v. Michels*, 49 F.4th 1146, 1148 (8th Cir. 2022). A district court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but in weighing them commits a clear error of judgment. *United States v. Fitzpatrick*, 943 F.3d 838, 840 (8th Cir. 2019). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Laurel-Olea argues that the district court abused its discretion by imposing a sentence above the advisory guideline range that was "not proportionate to the offense" and that "did not sufficiently account for Mr. Laurel-Olea's mental health issues, his background, and his potential for successful reintegration into society."

---

[*]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

At the revocation hearing, the district court determined that the grade of violation and Laurel-Olea's criminal history resulted in an advisory guideline range of three to nine months' imprisonment. The court then considered aggravating and mitigating factors.

In mitigation, the court cited Laurel-Olea's age of twenty-four years old, his lack of an adult criminal history, his mental health and substance abuse issues, and his acceptance of responsibility. The court also considered aggravating factors: Laurel-Olea's underlying offense conduct involved formulating a plan that resulted in a dangerous shooting of a home in Sioux City. Laurel-Olea committed fifty-four violations of his conditions of release, including twenty-four skipped drug tests. He became a fugitive from justice, and his whereabouts were unknown for roughly six weeks until he was located by the Marshals Service. Laurel-Olea also made no efforts to meet his restitution obligation of $38,000.

The district court concluded that an upward variance from nine months to fourteen months' imprisonment was appropriate. The court explained that it would have selected a term of eighteen months, but wanted to give Laurel-Olea some credit for accepting responsibility. Given the several aggravating factors involved and the deference afforded to the sentencing court, the district court did not abuse its discretion in imposing a term of fourteen months.

The judgment of the district court is affirmed.

_____